Eastern District of Kentucky
**FILED**

DEC 0 6 2005

AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON

CIVIL ACTION NO. 05-132-KSF

DORIS ADKINS                                                        PLAINTIFF

V.

### OPINION & ORDER

LIFE INSURANCE COMPANY OF                                           DEFENDANTS
NORTH AMERICA and CIGNA LIFE
INSURANCE COMPANY OF NEW YORK

* * * * * * * * * * * * * *

This matter is before the Court on the joint report and notice of filing of administrative record [DE #5], plaintiff's memorandum of law setting forth the standard of review [DE #7] and defendants' memorandum of law regarding the applicable standard of review [DE #8]. These matters are ripe for review.

In accordance with the Court's scheduling order entered on May 19, 2005, Plaintiff, Doris Adkins, and Defendants, Life Insurance Company of North America and CIGNA Life Insurance Company of New York, have each filed a memorandum of law setting forth the applicable standard of review. Defendants contend that an arbitrary and capricious standard should be used; whereas Plaintiff argues that a *de novo* standard should be used by the Court in reviewing the administrative record.

In *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989), the United States Supreme Court held "that a denial of benefits challenged under [ERISA] is to be reviewed under a *de novo* standard unless the benefit plan gives the administrator or fiduciary discretionary

authority to determine eligibility for benefits or to construe the terms of the plan." When the benefit plan gives the plan administrator discretion, the decision is to be reviewed under an arbitrary and capricious standard. *Id.*

The Plan in the present action is funded by L-3 Communications Integrated Systems ("L-3"). Defendants claim that they have the authority to "decide questions of eligibility" and "in [their] discretion, to interpret the terms of the plan" because of the language contained in the Employee Welfare Benefit Plan Appointment of Claim Fiduciary (the "Appointment of Claim Fiduciary"). The Appointment of Claim Fiduciary names Life Insurance Company of North America, Connecticut General Life Insurance Company, and CIGNA Life Insurance Company of New York as the "Claim Fiduciary". The Appointment of Claim Fiduciary provides:

> Claim Fiduciary shall have the authority, in its discretion, to interpret the terms of the Plan, including the Policies; to decide questions of eligibility for coverage or benefits under the Plan; and to make any related findings of fact. All decisions made by such Claim Fiduciary shall be final and binding on Participants and Beneficiaries of the Plan to the full extent permitted by law.

On the other hand, the Plaintiff argues that although the Appointment of Claim Fiduciary form includes discretionary language, the benefits brochure and the policy provided to Plaintiff does not include any discretionary language. Additionally, Plaintiff states that she has not received a copy of the Summary Plan Description or the actual plan, so she does not know if there is any discretionary language in these documents. In support of her argument, Plaintiff cites to the following language, "Because employees rely on summary descriptions 'for information which will allow them to make intelligent decisions about their future benefit needs,' we have held that the language of the Summary Plan Description controls over any conflicting language in the Plan

itself." *University Hospitals of Cleveland v. Emerson Elec. Co.*, 202 F.3d 839 (6th Cir. 2000) (citing *Helwig v. Kelsey-Hayes Co.*, 93 F.3d 243, 247-48 (6th Cir.1996), *cert. denied*, 519 U.S. 1059, 117 S.Ct. 690, 136 L.Ed.2d 613 (1997)).

Recent unpublished Sixth Circuit cases have explained that the language of the Summary Plan Description controls over the language in the Plan only if there is actual language that is conflicting. In *Belluardo v. Cox Enterprises, Inc.*, 2005 WL 3078632 (6th Cir. Nov. 18, 2005) (slip copy), the plaintiff argued that the Summary Plan Description did not state that the committee had discretion to construe the terms and, therefore, the Summary Plan Description and the plan itself conflicted. The Sixth Circuit stated, "The summary plan does not contradict the idea that the committee has discretion to construe the plan; it simply does not address the issue. A summary plan description does not conflict with a plan merely because it does not include every provision of the plan." *Id.* at *4 (citing *Sprague v. Gen. Motors Corp.*, 133 F.3d 388, 401 (6th Cir.1998)). *Accord Bolone v. TRW Sterling Plant Pension Plan*, 130 Fed. Appx. 761 (6th Cir. 2005) (unpublished decision) (finding that where the plan granted discretion to the employer and the summary plan description was silent as to the discretion under the plan, there was no conflict between the plan and summary plan description, so the arbitrary and capricious standard applied). Since there was no conflict between the plan and the summary plan description in *Belluardo*, the Sixth Circuit held that the arbitrary and capricious standard of review was applicable.

In the instant case, this inquiry has been made more difficult because the parties have not made the entire Plan or any portion of the Summary Plan Description part of the administrative record. Instead, Defendants ask the Court to rely on the Appointment of Claim Fiduciary form, which they assert is a portion of the Plan. Plaintiff does not contradict that the Appointment of

3

Claim Fiduciary form is a part of the Plan. Since the parties do not disagree that this form is a portion of the Plan and the form clearly gives discretion to Defendants to determine eligibilty or construe policy language, it appears that the Plan mandates use of the arbitrary and capricious language. Since the Plaintiff has not presented the Summary Plan Description to the Court for review, the Court cannot determine if there is any contradictory language in the Summary Plan Description. Thus, since no language has been presented that conflicts with the express language in the Plan, the Court finds that the language in the Plan constitutes a clear grant of discretionary authority to CIGNA, triggering application of the arbitrary and capricious standard of review.

For the foregoing reasons, the Court, being otherwise fully and sufficiently advised, HEREBY ORDERS that Plaintiff's memorandum of law setting forth the standard of review [DE #7] is DENIED and Defendants' memorandum of law regarding the applicable standard of review [DE #8] is GRANTED.

This ___ day of December, 2005.

_____
KARL S. FORESTER, SENIOR JUDGE